An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

PABLO DEHOYOS, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60778

FILED

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, robbery, and battery with the intent to commit a crime. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

First, Appellant Pablo Dehoyos Jr. argues that the evidence was insufficient to find him guilty of the crimes because testimony indicated he merely became inadvertently involved in a street fight. We disagree. The victim testified that he was approached by Dehoyos and several others and that someone demanded the keys to his vehicle. Dehoyos and the others began to beat him, reaching into his pockets and grabbing at his hands. When the police arrived, Dehoyos and the other men ran. Ultimately, Dehoyos was apprehended along with another man who was in possession of the victim's keys. "[I]t is the function of the jury, not the appellate court, to weigh the evidence." Walker v. State, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975). We conclude that "'after viewing the evidence in the light most favorable to the prosecution,'" a rational juror "could have found the essential elements of the crime[s] beyond a reasonable doubt." McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573

13-04670

(1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)); see NRS 199.480; NRS 200.380; NRS 200.400(1)(a)(2).

Second, Dehoyos argues that the district court erred in admitting hearsay testimony. At trial, the district court allowed the State to question a security guard about statements the victim made to him because they were consistent with what the victim stated at trial and could rebut the defense's contention that the victim was suddenly embellishing. When the security guard began to testify about matters that were not consistent with the victim's testimony at trial, the district court sustained an objection and asked the jury to disregard the statements. We conclude that the district court did not abuse its discretion in admitting the testimony because the testimony regarding the consistent statements fell within a hearsay exception, see Fields v. State, 125 Nev. 785, 795, 220 P.3d 709, 716 (2009), see NRS 51.035(2)(b), and Dehoyos failed to overcome the presumption that the jurors did not follow the district court's admonishment to disregard the inconsistent testimony, see McConnell v. State, 120 Nev. 1043, 1062, 102 P.3d 606, 619 (2004) (presuming that jurors follow the instructions they are given).

Third, Dehoyos argues that the State inappropriately vouched for the victim during closing argument by stating that the victim was honest. Although vouching is inappropriate, Evans v. State, 117 Nev. 609, 630, 28 P.3d 498, 513 (2001), any error was harmless here as the State withdrew the statement and the district court immediately instructed the jury to disregard it. See Valdez v. State, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008) (noting that non—constitutional error is harmless unless it substantially affects the verdict); see also McConnell, 120 Nev. at 1062,

102 P.3d at 619. Accordingly, we conclude that Dehoyos is not entitled to relief on this claim.

Fourth, Dehoyos argues that cumulative error deprived him of his right to a fair trial. Because the only arguable error was harmless, we conclude that Dehoyos is not entitled to relief on this claim. U.S. v. Sager, 227 F.3d 1138, 1149 (9th Cir. 2000) ("one error is not cumulative error").

Having considered Dehoyos' claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Hon. Linda Marie Bell, District Judge
        Law Office of Jeannie N. Hua, Inc.
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk